In re **PLUM RUN INVESTMENTS, INC., Debtor.**

No. 00–57315.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

June 7, 2001.

Jack R. Pigman, Porter, Wright, Morris & Arthur LLP, Columbus, OH, for The Chase Manhattan Bank, as Trustee.

Richard T. Ricketts, Ricketts & Onda Co., L.P.A., Columbus, OH, for Debtor.

Plum Run Investments, Inc., Jackson.

## *ORDER SUSTAINING OBJECTION TO CONFIRMATION, DENYING CONFIRMATION, AND DISMISSING CASE*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the proposed confirmation of the debtor's modified plan of reorganization. Chase Manhattan Bank, as successor to Chemical Bank, objected to confirmation and also renewed its motion to dismiss, or in the alternative, for relief from the automatic stay. A confirmation hearing was held on May 22, 2001. For the reasons below, the Court will sustain the objection to confirmation as it relates to feasibility, and will dismiss this chapter 11 case.

The debtor, Plum Run Investments, Inc., filed this chapter 11 reorganization case on August 17, 2000. This is the debtor's second chapter 11 case as a prior chapter 11 case was filed in January 1993. A plan was confirmed in mid–1994, but went into default in early 1996. There also are other prior related cases. The sole shareholder and president of the debtor, William W. Johnson, filed a chapter 11 case in February 1997 which was converted to chapter 7 in April 1998. Rosetta Johnson, wife of William Johnson, filed a chapter 11 case on August 30, 1994, but that case was voluntarily dismissed in January 1995. Rosetta Johnson then filed a chapter 7 case on March 1, 1996. Plum Run Services Corp., a corporation owned by William Johnson, filed a chapter 11 case in January 1993.

A substantial purpose for these filings was to protect the debtor's interest in certain real property used as a shopping center in Jackson, Ohio, and known as Jackson Plaza ("Plaza"). The debtor owned the Plaza from May, 1989 until September 1991 when it was transferred to William Johnson. Subsequent to that transfer, the debtor, as lessee, entered into a 99–year lease of the Plaza property.

At the time the Plaza was acquired, the debtor, William Johnson, and Rosetta Johnson executed a note in favor of Mid–American Savings & Loan Association ("Mid–American"). Repayment of that note was secured by the Plaza real estate and by the debtor's interest in leases and rental income from the Plaza.

The Resolution Trust Corp. ("RTC"), acting in its capacity as Receiver of Mid–American, under appointment of the Office of Thrift Supervision, sold and transferred certain mortgage loans to a Trust Fund (the "1992–C1 Trust Fund"), formed pursuant to a certain Pooling and Servicing Agreement. In return for the sale of those mortgage loans, RTC received Commercial Mortgage Pass–Through Certificates Series 1992–C1 ("Series 1992–C1 Certificates") which subsequently were issued in multiple classes and sold to the public. The debtor's note, mortgage and assignment of rents were included in the pool of mortgage loans conveyed to the 1992–C1 Trust Fund. Chase, as successor in interest and assignee of RTC, has succeeded to ownership of the loans comprising the 1992–C1 Trust Fund.

After the debtor's default in plan payments in the 1993 case, a foreclosure action was initiated against the Plaza. That proceeding was interrupted by William Johnson's bankruptcy filing. When his case was converted to chapter 7, the trustee in bankruptcy tried unsuccessfully to sell the Plaza. In mid–1999 Chase obtained relief from the automatic stay in that case and sought the appointment of a receiver in the state court foreclosure proceeding. The property proceeded to foreclosure sale on one occasion, but there were no bids at the minimum amount required by Ohio law. The sheriff reappraised the property for a lower amount and set a second foreclosure sale. The debtor filed this case the day before that scheduled sale.

For much of the time between 1989 and 2000, there were three commercial tenants in the Plaza. A major grocery chain had the largest space. A furniture store and a general merchandise store occupied the remainder of the space. Mr. Johnson has other business interests and problems in those other businesses, rather than a shortage of tenants in the Plaza, apparently caused the default in payments under the confirmed plan in the debtor's 1993 case.

At the time this case was filed, all three tenants of the Plaza were still in place. Since then, however, the grocery chain has

built a new store and vacated its premises. The furniture store recently rejected its lease with the debtor as part of its own chapter 11 case. Only the general purpose store remains. Despite efforts to get replacement tenants, there are no leases for two of the three store sites.

The debtor's plan proposes to pay Chase by amortizing its claim over a 25–year period with interest at the note rate. The plan further proposes to pay Chase, on the effective date, $100,000 from funds the Receiver has collected and $116,000 from funds collected as rents by the chapter 7 trustee in William Johnson's case. The debtor intends to assign to Chase future rents from the remaining tenant and rents from any tenant obtained for the furniture company space. Monies coming from the debtor's new enterprise will be contributed up to the amount of the monthly payment. The balance of Chase's debt, currently estimated at approximately $1,500,000, is to be paid in a lump sum after 7–1/2 years through a refinancing.

Chase has rejected the debtor's plan and has objected to confirmation. Among the objections are allegations that the plan was not filed in good faith, is proposed by means forbidden by law, is not feasible and is not fair and equitable. Because the Court finds that the objection should be sustained on the feasibility ground, the other objections will not be ruled upon at this time.

In support of feasibility, the debtor proposes that ownership of the Plaza be re-transferred to it on the Effective Date. A corporation owned by Rosetta Johnson then will contribute certain bowling equipment and William and Rosetta Johnson will contribute $50,000 to help start an entertainment center and bowling alley in the space vacated by the grocery. A portion of the rents collected by the chapter 7 trustee in William Johnson's case are also to be used to refurbish the facility. The debtor projects revenues from this facility which, even without any tenant in the furniture store location, are to generate sufficient funds for the plan payments. There is a relief from stay provision for Chase upon default in the plan payments.

 If this were this debtor's first case and the other bankruptcy cases weren't of record, this Court might give the debtor the opportunity to attempt its optimistic venture. However, the multiple cases, along with other factors which have caused this mortgage to remain unpaid for a very long time, cause the Court to find that this debtor is required to show feasibility in a very firm manner and in a way that satisfies a sense of fairness. That has not been accomplished with the current plan.

The debtor presented projections of gross income and expenses to support the availability of funds to service the loan to Chase. The debtor's principal and his wife, who has previously operated a bowling facility, testified that the projections came from historical records. Those records were not produced, however, and there was no real evidence verifying those projections. The income figures appear highly speculative, especially given the short time within which such income must materialize and the lack of any plans or arrangements for the renovation required for the space. Accordingly, the Court finds that feasibility has not been sufficiently shown for this Court to overrule Chase's objection to confirmation.

Therefore, the objection of Chase to confirmation of the debtor's plan is **SUSTAINED**. Confirmation will be, and the same is, hereby **DENIED**. Chase's renewed motion to dismiss this case pursu-

ant to 11 U.S.C. § 1112(b)(1), (2) & (3), is also **SUSTAINED.**

**IT IS SO ORDERED.**